FILED
MAR 14 2023
By_____
Deputy Clerk

Charles Abernathy
1918 Triway Lane
Houston, TX 77043
(432) 212-1118

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA (BUTTE)

| | |
|---|---|
| CHARLES ABERNATHY, <br><br> Plaintiff, <br><br> vs. <br><br> CHOICE HOTEL INTERNATIONAL, INC., SHELBY HOTEL RE LLC DBA COMFORT INN AND SUITES <br><br> Defendant | Case No.: DV 23-74 <br><br> **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** <br><br> **DEFAMATION** <br><br> **INTENTIONAL INTERFERENCE** <br><br> **SLANDER** <br><br> **DEMAND FOR JURY TRIAL** |

TO THE HONORALBE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Charles Abernathy, and files this Original Petition, complaining of Choice Hotel International, Inc. and Comfort Inn and Suites, pursuant to Montana Title 27. Civil Liability, Remedies, and Limitations § 27-2-204. Tort actions--general and personal injury, and in support thereof would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### II. PARTIES

2. Plaintiff, Charles Abernathy, is an individual who resides in Fort Worth, Texas

3. Defendant Choice Hotel International, Inc. (Choice) is, upon information, a Delaware Corporation with its principle offices located at 1 Choice Hotels Circle, Suite 400, Rockville, MD 20850.

1

4. Shelby Hotel RE LLC dba Comfort Inn and Suites upon information is a limited liability company that can be served with process through their registered agent Daniel D. Manson, 600 S. Main Street, Butte, MT 59701.

### III.   JURISDICTION & VENUE

5. Jurisdiction is proper in Federal Court under 28 U.S.C. § 1332, because all Defendants live in different states than Plaintiff and the amount in controversy exceeds, $75,000.00.

### IV.   JURY DEMAND

6. Plaintiff demands a trial by Jury.

### V.   FACTUAL BACKGROUND

7. Plaintiff recently had reservations at Comfort Inn & Suites on October 11, 2022 through October 15, 2022. Choice Member Number is CXA111834. On or about October 15, 2022 at 4:30am Plaintiff was in the lobby printing documents for an upcoming trip. The night manager Aaron (whose last name isn't known) was on duty that morning and proceeded to turn the volume up on the TV that was in the breakfast room. Plaintiff asked if the channel could be changed and Plaintiff received an unprofessional response of "no." Plaintiff proceeded to ask if the volume could be turned down, and was again told "no" in an unprofessional and disrespectful manner and was less than willing to accommodate Plaintiff's request. Aaron continued to antagonize Plaintiff. Due to Aaron's unprofessional, antagonistic, and condescending attitude, I was trespassed off the property.

8. Cheri Hirst, then proceeded to call Plaintiff's outside parties, (employer, contracted

business) in an attempt to cause extreme financial harm, slander and defamation of character. Her actions were particularly destructive and tortious interference within an ongoing business relationship. Ms. Hirst's actions were slanderous because they impeached Plaintiff's honesty, integrity, virtue and/or reputation.

9. On or about November 18, 2022 a Demand Letter was mailed to the Defendants. (See Exhibit A)

10. Plaintiff has been subjected to severe emotional distress as a result of these actions.

## VI. CAUSES OF ACTION

### A. SLANDER

11. Plaintiff is an individual and is neither a public official nor a public figure for any purpose.

12. The statements made by Ms. Hirst were slanderous because they injured Plaintiff in his office, profession, and/or occupation pursuant to M.C.A. 27–1–801

13. That the Defendants and or his agents willfully, maliciously and intentionally inflicted emotional distress upon Plaintiff without just cause with the intent of harming Plaintiff and as a direct and proximate cause of Defendants and or his agents, the Plaintiff was in fact irreparably harmed by Defendants and or his agents.

14. That the Defendants and or their agents have intentionally, maliciously, and without just cause, slandered Plaintiff's name and reputation by making knowingly false, malicious and intentional statements about Plaintiff. As a direct and proximate cause thereof, the Defendants and or their agents have irreparably harmed Plaintiff.

15. Defendants and or their agents have intentionally, maliciously, and without just cause,

3

engaged in deceitful business practices and malicious and intentional fraud that were calculated to harm Plaintiff and his employment and as a direct and proximate cause thereof, Plaintiff has be irreparably harmed.

16. Defendants are strictly liable for the damages caused by the slander.

17. Alternatively, Defendants employees knew the foregoing defamatory statements were false or were reckless with regard to whether the statements were false.

18. Plaintiff is entitled to recover nominal damages, general damages, special damages, and/or exemplary damages.

### B. TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

19. Plaintiff is an independent contractor and had a contract with his employer and Defendants employees knew this and had knowledge of this by their tortious conduct willfully and intentionally interfering with that contract.

20. Defendant's employees tortious conduct proximately caused Plaintiff's injury.

21. Plaintiff suffered actual damages and/or loss due to Defendants employees' tortious interference.

22. Defendants are jointly and severally libel for the injuries Plaintiff suffered as a proximate result of Defendants and Defendants agents wrongful actions

### VII.   DAMAGES

23. All previous allegations are incorporated herein by reference

24. Plaintiff is entitled to nominal damages, general damages, and actual damages for Defendants slander and defamation of character, including compensation for injury to his reputation.

25. Plaintiff is entitled to exemplary damages because Defendants acted with malice.

4

26. Plaintiff is entitled to actual damages and exemplary for Defendants tortious interference with his existing contract.

## VIII. PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff asks that the Court issue a Notice to Show Cause to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

(a) Nominal damages in the amount of Thirty Thousand Dollars ($30,000.00);

(b) General damages in the amount of Fifty Thousand Dollars ($50,000.00) for tortious interference with existing contract;

(c) Actual damages in the amount of Twenty Thousand Dollars ($20,000.00);

(d) Exemplary damages in the amount of Ten Thousand Dollars ($10,000.00);

(e) Special damages in a minimum credit for 200,000 points applied to Plaintiff's membership account;

(f) Pre and Post judgment interest;

(g) Costs of Court; and

(h) Such further relief, both general and special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Dated: March 9, 2023                           Respectfully submitted,

/s/ Charles Abernathy
Charles Abernathy/Pro Se
1918 Triway Lane
Houston, TX 77043
(432) 212-1118

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via regular mail, priority mail, certified mail, return receipt and/or via fax to the following on the 9th day of March, 2023.

/s/ Charles Abernathy
Charles Abernathy/Pro Se

Choice Hotel
1 Choice Hotels Circle, Ste. 400
Rockville, MD 20850
ATTN: Legal Department

Shelby Hotel RE LLC dba Comfort Inn and Suites
c/o Daniel D. Manson
600 S. Main Street
Butte, MT 59701.

6