# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| CHARLES ABERNATHY,<br><br>           Plaintiff,<br><br>vs.<br><br>CHOICE HOTEL INTERNATIONAL, INC., SHELBY HOTEL, LLC,<br><br>           Defendants. | CV-23-21-BU-BMM<br><br><br><br>ORDER |

This Court enters the following Protective Order, to govern the disclosure of certain information in this case. The Court is satisfied that the protective order is warranted in this case. Accordingly, **IT IS HEREBY ORDERED** that the following conditions and restrictions shall apply:

INFORMATION SUBJECT TO THIS PROTECTIVE ORDER

    1. Scope. All production and disclosure of "Confidential Information" as defined in paragraph 2 below, during the proceeding and after shall be governed by this Order. This Protective Order governs the access to, use, and distribution of information specifically designated as "Confidential Information" under this Protective Order. All such

1

information shall be used solely for the purposes of this litigation and for no other purpose.

2.  Confidential Information. For purposes of the Protective Order, "Confidential Information" includes any franchise agreement between Choice Hotel International, Inc., and Shelby Hotel RE, LLC, and related documents and information regarding any franchise relationship between Choice Hotel International, Inc., and Shelby Hotel RE, LLC, that are designated as confidential by a Defendant, including but not limited to documents, information revealed during depositions, and information revealed in interrogatory answers and responses to requests for production. Defendant shall limit the use of the Confidential Information designation to those documents and materials identified in the foregoing paragraph.

3.  Designation of Confidential Information. The designation of "Confidential Information" pursuant to this Protective Order shall not be construed as an admission by a Defendant that such Information or any part of any documents or thing is relevant or material to any issue in this case or is admissible at trial.

When supplying Confidential Information, a Defendant shall designate the information as confidential in the following manner:

    a) With respect to documents or information revealed in the litigation, a Defendant shall either (1) clearly and prominently mark the Confidential Information as "Confidential," or (2) at the same time as the Confidential Information is disclosed, identify the Confidential Information by interrogatory number or request for production number;

    b) With respect to deposition testimony, a Defendant shall identify the area of questioning to be "Confidential" and that designation will continue in effect until the court reporter is otherwise advised.

4. Challenging Designation. If a party disagrees with the designation of any information as Confidential pursuant to Paragraph 2 above, that party shall notify the party making the designation not later than 30 days before trial. The parties shall confer in an effort to resolve the disagreement. If the parties cannot resolve the dispute, either party shall have the right to file a motion challenging the designation, and the party designating confidentiality will bear the burden of establishing the

3

confidential nature of the material. Any information designated as Confidential shall remain subject to the terms of the Protective Order unless otherwise required by an Order of the Court.

DISCLOSURE OF CONFIDENTIAL INFORMATION

     5.  Restrictions on Use and Disclosure. Confidential Information shall be sued only for the purposes of this action and shall not be disclosed, made available, or disseminated in any manner for any other purpose. This includes any quotation, paraphrase, summary, or other description that conveys the confidential contents of the information or documents. Unless otherwise expressly indicated, information necessary to describe a document, such as its title, the subject matter to which it relates, its date, and the identities of its originator and recipient shall not be deemed to be Confidential Information. Confidential Information shall be used only for the purpose of this action and in no event shall be used for any other purpose whatsoever.

     6.  Authorized Persons. Persons who have or receive Confidential Information shall show or make it available only to the following persons:

a. <u>Counsel of record</u> for the parties to this litigation, including their employees, associates, paralegals, legal assistants, and clerical employees and any contract counsel who are actively engaged in connection with the preparation for and trial of this action, or in monitoring such activities, and employees of such counsel who are also actively engaged in connection with or making decisions regarding the preparation for and trial of this actions, or monitoring such activities;

b. <u>Parties in this action</u> who have a need to review the information in connection with this action. Such review shall require of the reviewing party all reasonable efforts to ensure against disclosure by the parties to any other person, including but not limited to advising and reminding the parties that they are bound by this Order.

c. <u>Party representatives, independent experts, or consultants</u> (including other counsel) and their employees or clerical assistants who are employed, retained, or otherwise consulted by counsel of record or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist

5

in any way in this litigation, provided that each person given access to any Confidential Information must be presented with a copy of the Stipulation for Protective Order and the Protective Order and agree in writing to be bound by the terms of the Stipulation for Protective Order and the Protective Order by executing an Acknowledgment thereof.

    d. <u>Witnesses</u>, to the extent deemed necessary by counsel to prepare the witnesses for giving testimony in this action, by deposition or at trial, relating to Confidential Information or who are believed to possess information deemed necessary for the prosecution or defense of the above-captioned action, provided that each person given access to any Confidential Information must be presented with a copy of the Stipulation for Protective Order and the Protective Order and agree in writing to be bound by the terms of the Stipulation for Protective Order and the Protective Order by executing an Acknowledgment thereof.

    e. <u>Court personnel and/or court reporters</u>, including videographers, who are actively engaged in connection with the preparation for and trial of this action. It will be the mutual

responsibility of the parties to notify same of the terms of the Protective Order and advise the court reporter or videographer that they are bound by the Protective Order.

The party receiving Confidential Information must retain their Acknowledgment of this Protective Order and furnish a signed copy or original on request to the party designation the Information as Confidential. The Acknowledgments shall be available for inspection by the Court at any time.

7. Use of Confidential Information in Court Documents. In the event Confidential Information, or any document which comprises, contains, reproduces, or paraphrases Confidential Information, is included in any pleading, brief, or other document filed with the Court, such document shall be filed with instructions that, except as otherwise provided by the tribunal with jurisdiction, such items are to be sealed pursuant to this Protective Order and are not to be disclosed to any person other than the Court and counsel of record for the parties to this action except as may be ordered.

In the event that any item embodying Confidential Information is used in a deposition, or becomes a deposition exhibit, or the testimony of the witness is designated as being Confidential pursuant to the Stipulation for Protective Order

and the Protective Order, the reporter shall be instructed that such item and such portion of the deposition testimony designated as being Confidential shall be bound separately and sealed, and if filed with the Court, shall be filed under seal.

      8. Responsibility of Attorneys. Counsel of record are responsible for employing reasonable measures to control the duplication of, access to, and distribution of Confidential Information.

      9. Use of Confidential Information at trial. At trial, the parties and the Court shall protect confidentiality and privacy to the extent necessary and permitted by law, by providing for testimony to be taken outside the public view, by redacting documents to the extent necessary, or by other means determined by the Court.

      10. Error in Designation. The inadvertent or unintentional production of documents containing, or other disclosure of Confidential Information without being designated as Confidential Information at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a party's or a person's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto. Any error in designation shall be corrected as soon as reasonably possible after a party becomes aware of the error. This

provision is subject to the limitation that should Confidential Information become part of the public record at any public hearing, trial, or other proceeding, the tribunal may not be able to implement this Protective Order vis-à-vis the public record already made.

    11. Exceptions to Designation. The provisions of this Protective Order shall not apply to the following information: (a) information that was, is, or becomes public knowledge, through no violation of this Protective Order; (b) information that is acquired in good faith from a third party not subject to this Protective Order, such third party being lawfully in possession of such information and able to release it without violation of law; (c) information that was possessed prior to receipt of the material asserted to be confidential from a source able to provide it without a violation of law; or (d) information that was or is discovered independently by the receiving party by a means that does not constitute a violation of this Order or a violation of law.

    12. Dissemination or use of Confidential Information disclosed under the terms of this Protective Order for purposes other than as authorized by this Protective Order shall be deemed a violation of this Protective Order and may subject the Authorized Person responsible for

such unauthorized dissemination or use to a contempt proceeding before the Court and/or to potential civil liability. If a party to this action violates this Protective Order by unauthorized dissemination or use of Confidential Information, then that party may also be subject to sanctions, including without limitation, dismissal of a claim or defense, default, or other appropriate sanction.

SUPPLEMENTAL PROVISIONS

    13. Conclusion of Litigation. Within sixty (60) days of final conclusion of this litigation (including any appeals), all items designated as containing Confidential Information produced in this action, shall be returned to the producing party on request. Costs of delivery of the Confidential Information requested is to be borne by the party requesting the return of that Information.

    14. Privileged Information. The inadvertent or unintentional production of information protected from disclosure by any privilege, including but not limited to the attorney-client privilege and the work-product privilege, shall not be deemed a waiver in whole or in part of a party's claim of privilege, either as to the specific information disclosed

or as to any other information relating thereto or on the same or related subject matter. Upon receiving from the producing party a written notice that privileged or work-product material has been inadvertently produced, all such information and all copies thereof, shall be returned.

15. **Without Prejudice.** Nothing in this Protective Order will prejudice any party from seeking amendments hereto broadening or restricting the rights of access to and use of Confidential Information or other modification hereof. Nothing in the Stipulation for Protective Order, or the Protective Order, shall prejudice in any way the right of a party to seek a determination regarding the following: (a) whether particular discovery material should be produced; or (b) if produced, whether such discovery material properly can be considered "Confidential Information" which should be subject to the terms of this Protective Order. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not prejudice in any way the right of any party to offer or object to the admission of any such material in the course of motions, pre-trial process, or hearing on any grounds.

**DATED** this 30th day of November, 2023.

_____
Brian Morris, Chief District Judge
United States District Court