# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| CHARLES ABERNATHY, | **CV-23-21-BU-BMM** |
| Plaintiff, | |
| vs. | |
| CHOICE HOTEL INTERNATIONAL, INC., and SHELBY HOTEL RE, LLC, | **ORDER** |
| Defendants. | |

## BACKGROUND

Plaintiff Charles Abernathy ("Abernathy"), a resident of Texas, sues Defendant Shelby Hotel RE, LLC, doing business as Comfort Inn and Suites ("Comfort Inn"), and Defendant Choice Hotel International, Inc. ("Choice Hotels") (together, "Defendants"). (Doc. 17); *see* (Doc. 5). Abernathy alleges two causes of action, namely, "slander and defamation" and "tortious interference with an ongoing business relationship." (Doc. 17 at 2-4.) Abernathy seeks an award of actual and punitive damages, as well as expenses. (Doc. 17 at 4.)

Abernathy booked a hotel reservation with Defendant Comfort Inn for October 11, 2022, through October 15, 2022. (Doc. 5 at 2); *see* (Doc. 17 at 1.)

1

Abernathy printed business documents in the lobby of the Comfort Inn at 4:30 a.m. on October 15, 2022. (Doc. 5 at 2); *see* (Doc. 17 at 1.) Aaron, an on-duty Comfort Inn employee, increased the volume on a television in the Comfort Inn's breakfast room while Abernathy printed. (Doc. 5 at 2); *see* (Doc. 17 at 1.)

Abernathy requested that Aaron change the channel on the breakfast room television. (Doc. 5 at 2); *see* (Doc. 17 at 1.) Aaron said "no." (Doc. 5 at 2); *see* (Doc. 17 at 1.) Abernathy then requested that Aaron reduce the volume of the breakfast room television. (Doc. 5 at 2); *see* (Doc. 17 at 1.) Aaron said "no" in an "unprofessional and disrespectful manner." (Doc. 5 at 2); *see* (Doc. 17 at 1.) Aaron "continued to antagonize" Abernathy. (Doc. 5 at 2); *see* (Doc. 17 at 1.) Abernathy was removed from the Comfort Inn property for trespassing "due to" Aaron's antagonism. (Doc. 5 at 2); *see* (Doc. 17 at 1.)

Cheri Hirst ("Hirst"), another Comfort Inn employee, called Abernathy's "contracted business" and Abernathy's employer after the events of the morning of October 15, 2022. (Doc. 5 at 2-3); *see* (Doc. 17 at 1.) Abernathy fails to allege in his Complaint or Amended Complaint that Hirst was an employee or agent of either Defendant. *See* (Doc. 5 at 2-3); (Doc. 17 at 1.) Defendants refer in briefing to Hirst as an employee. *See* (Doc. 21 at 3.) Abernathy alleges that Hirst made this call "in an attempt to cause [Abernathy] extreme financial harm, slander[,] and

defamation of character." (Doc. 5 at 2-3); (Doc. 17 at 1.) Hirst "impeached [Abernathy's] honesty, integrity, virtue, [and] reputation." (Doc. 5 at 3); (Doc. 17 at 1.) Abernathy alleges Hirst's actions caused "tortious interference within an ongoing business relationship." (Doc. 5 at 3); (Doc. 17 at 1.) He also alleges that the actions described caused Abernathy "severe emotional distress." (Doc. 5 at 3); (Doc. 17 at 1.)

Defendants seek to dismiss this matter with prejudice. (Doc. 20.) The Court held a hearing on Defendants' Motion for Judgment on the Pleadings on February 1, 2024. (Doc. 36.) The Court ordered Defendants to provide Abernathy with security camera footage from the date in question. (Doc. 37.) The Court ordered Abernathy to file a notice with the Court upon receipt of the footage. (*Id.*) The Court further ordered that Abernathy "shall have 10 days upon receiving the security camera footage from the Defendants and providing notice to the Court to supplement or amend his pleadings, should he choose to do so." (*Id.*)

Abernathy did not file a notice with the Court upon receipt of the footage as ordered and did not supplement or amend his pleadings. Abernathy instead filed a Motion for Leave to File Sur Reply (Doc. 40) and a Sur Reply to Defendant's Motion for Judgment (Doc. 39). Abernathy includes assertions of fact in his Sur Reply not included in his Complaint (Doc. 5) or Amended Complaint (Doc. 17).

3

Abernathy newly alleges the following claims: 1) that "Cheri Hirst (the General Manager) made calls to Totran (the General Contractor)" and "by[] Lying Through Omission[. . .] presented less than the full encounter" (Doc. 39 at 2, 5); 2) that Abernathy lost his contract with Totran following Hirst's calls (Doc. 39 at 2); 3) that Abernathy "made contact with" Hirst on the morning of October 15, 2022, at which time she "made several statements that any reasonable person would conclude to be hostile in nature" (Doc. 39 at 5); and 4) that Hirst "erroneously claims [in a written statement that] Plaintiff did use profanity numerous times in front of the other guests and staff[.]" (Doc. 39 at 5).

## LEGAL STANDARD

A party may move for judgment on the pleadings after pleadings are closed and early enough not to delay trial. Fed. R. Civ. P. 12(c). A court accepts as true the factual allegations pleaded by the nonmovant for purposes of a Rule 12(c) challenge. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011). "[A] judgment on the pleadings is appropriate when, even if all allegations in the complaint are true, the moving party is entitled to judgment as a matter of law." *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

## DISCUSSION

4

Abernathy failed to comply with the Court's order to file a notice of receipt of the security footage at issue. *See* (Doc. 39); (Doc. 40). Abernathy instead chose to file a Motion for Leave to File Sur Reply (Doc. 40) and a Sur Reply to Defendant's Motion for Judgment (Doc. 39). Abernathy filed these documents after the deadline to amend or supplement his pleadings imposed by the Court had elapsed. *See* (Doc. 37.) Abernathy claims in his Sur Reply that he received the footage on February 2, 2024. (Doc. 39 at 1). Abernathy filed his Motion for Leave to File Sur Reply and Sur Reply on February 13, 2024. (*Id.*) The Court may impose a sanction, including dismissal with prejudice, for failure to comply with an order. *See* LR 83.8(a). The Court declines to sanction Abernathy, who proceeds *pro se*, and instead treats factual allegations contained in Abernathy's Sur Reply as constructive amendments and supplements to Abernathy's Amended Complaint.

## I.    Slander

Abernathy fails to plead that any of Defendants' alleged communications with any third party was defamatory. A plaintiff must show there was a defamatory communication to a third-party to state a claim for defamation. *See McLeod v. State ex rel. Dep't of Transp.*, 206 P.3d 956 n.2 (Mont. 2009). Defamatory statements "must be of such nature that [a] court can presume as a matter of law that they will tend to disgrace and degrade [the plaintiff] or cause him to be

5

shunned and avoided." *McConkey v. Flathead Elec. Co-op.*, 125 P.3d 1121 (Mont. 2005). Abernathy asserts that Defendants' communication with a third party caused that third party to terminate its contract with Abernathy. Abernathy argues that this fact alone—Defendants' communication caused contract termination—shows that Defendants' communication must have been defamatory. (Doc. 23 at 1.)

Abernathy's *res ipsa loquitur*-type argument fails. The fact that Totran ended its contract with Abernathy due to communication from Hirst does not, in itself, prove anything about the contents of the communication. A merely negative but not quite defamatory statement by Hirst, or even the tone of her voice, could have prompted Totran's decision. Further, even if the contents of the call did as a matter of fact "disgrace and degrade [Abernathy] or cause him to be shunned and avoided," that would not prove that the contents of the call were "of such nature that the court can presume *as a matter of law* that they [would] tend to" do so. *McConkey* at 1130 (emphasis added). Some may shun and avoid others on the basis of statements that others might shrug off, and Totran may fall into the former group. In short, "[r]es ipsa loquitur has no place in defamation claims." *Quon v. Arch Wireless Operating Co., Inc.*, No. EDCV 03-199-SGL, 2006 WL 8442651, at *15 (C.D. Cal. Mar. 8, 2006). Accepting the facts as Abernathy pleaded them as

6

true, the Court determines judgment in favor of Defendants proves appropriate on

Abernathy's slander and defamation claim.

## II.     Tortious or Intentional Interference with Contractual Relations

Tortious or Intentional Interference with Contractual Relations includes

"four elements, all of which must be satisfied in order for the plaintiff to prevail:

(1) an intentional and willful act; (2) calculated to cause damage to the plaintiff's

business; (3) with the unlawful purpose of causing damage or loss, without right or

justifiable cause on the part of the actor; and, (4) the act results in actual damage or

loss." *Wingfield v. Dep't of Pub. Health & Human Serv.*, 463 P.3d 452 (Mont.

2020).

Abernathy fails to plead that there was any "intentional and willful act []

calculated to cause damage to the plaintiff's business." *Id.* Abernathy alleges that

"Hirst's actions [including her calling of Totran in an attempt to cause extreme

financial harm] were slanderous because they impeached [Abernathy's] honesty,

integrity, virtue, [and] reputation," (Doc. 5 at 3; Doc. 17 at 1), and that "by[] Lying

Through Omission[. . . Hirst] presented less than the full encounter," (Doc. 39 at 2,

5). The Montana Supreme Court determined in *Plakorus v. University of Montana*

that the plaintiff's factual allegations in the plaintiff's complaint adequately stated

a claim for intentional and willful tortious interference. 477 P.3d 311, 314 (Mont.

2020). The plaintiff "allege[d] the [defendant] wrongfully and falsely implied in its communications with the media that [the plaintiff] had committed acts of sexual misconduct, endangered [the plaintiff's] players' safety, and inappropriately used [defendant's] resources." *Id.* at 313. The Federal Rules of Civil Procedure do not require that Abernathy plead with particularity what any defendant said to any third party in relation to his claim. A plaintiff must support legal claims with more than "mere conclusory statements[.]" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Unlike the plaintiff in *Plakorus*, Abernathy fails to allege any facts as to the *content* of the alleged wrongful act. Abernathy merely points to a Defendant employee's alleged communication to a third party. Abernathy's complaint fails to answer the fundamental question: What thing did a defendant allegedly do that would make that defendant liable to plaintiff? Abernathy implicitly concedes this point, as he argues that the contents of Defendants' communications with third parties would come to light through discovery. (Doc. 23 at 1, 3); *see* (Doc. 39 at 3) ("[I]t is more than plausible that following the deposition of the representative of Totran of exactly what was said in their conversation with Cheri Hirst [. . .] may prove that the Defendant did indeed engage in unlawful defamation against the Plaintiff as well as the Plaintiff's plausible claims"). Accepting the facts as true as Abernathy has pleaded them, the Court determines judgment in favor of

Defendants proves appropriate on Abernathy's tortious interference with

contractual relations claim.

## ORDER

**IT IS ORDERED** that:

1. Abernathy's Motion for Leave to File Sur Reply (Doc. 40) is

   **GRANTED**.

2. Defendants' Motion for Judgment on the Pleadings (Doc. 20) is

   **GRANTED**.

3. Abernathy's Amended Complaint (Doc. 17) is **DISMISSED without**

   **prejudice**.

**DATED** this 20th day of March, 2024.

Brian Morris, Chief District Judge
United States District Court